IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

        Plaintiff,

vs.                     **Case No. 12-40013-01-RDR**

JESUS SOTELO-LOPEZ,

        Defendant.

**O R D E R**

This matter is presently before the court upon the following motions filed by the defendant: (1) to reconsider denial of defendant's motion to suppress evidence; and (2) to determine voluntariness of defendant's statements. Having carefully reviewed the arguments of the parties, the court is now prepared to rule.

The defendant is charged in a one-count indictment with possession with intent to distribute more than 500 grams of a mixture or substance containing methamphetamine in violation of 21 U.S.C. § 841(a)(1). The charge arises from a traffic stop in Russell County, Kansas on January 5, 2012.

**MOTION TO RECONSIDER DENIAL OF DEFENDANT'S MOTION TO SUPPRESS EVIDENCE**

On May 8, 2012 the court, following a hearing, denied defendant's motion to suppress evidence. The defendant filed the instant motion to reconsider on June 12, 2012, just one week prior to the scheduled trial of this matter. The government filed a

response on June 21, 2012.

In the motion, defendant contends that the court made certain factual and legal errors in its previous order. He suggests that these erroneous decisions "could rise to creation of a manifest injustice if not corrected." He initially argues that the court erred in concluding that there was reasonable suspicion to stop his vehicle because the court erroneously determined that Trooper Walker was able to see into his vehicle and determine he was not wearing a seat belt. He next contends that (1) the government failed to show his understanding of English was sufficient for a knowing and voluntary search of the vehicle; (2) the court erred in finding that he lacked standing to contest the search of the vehicle; and (3) the court erred in finding that probable cause existed to allow the removal of the vehicle from the side of the road to a garage for additional searching.

The government argues that reconsideration is inappropriate in this case for a variety of reasons. First, the government contends that the defendant's motion is untimely. Second, the government asserts that reconsideration is improper because defendant has failed to raise any issues which qualify as grounds for reconsideration. Finally, the government argues that the defendant has failed to show that any of the court's rulings were clearly erroneous.

"Although the Federal Rules of Criminal Procedure do not

2

authorize a motion for reconsideration, motions to reconsider in criminal prosecutions are proper." United States v. Randall, 666 F.3d 1238, 1241-42 (10th Cir. 2011) (internal quotation marks and citation omitted). The Tenth Circuit has noted "the 'wisdom of giving district courts the opportunity promptly to correct their own alleged errors.'" Id. at 1242 (quoting United States v. Dieter, 429 U.S. 6, 8 (1976)). "Motions for reconsideration, however, cannot be brought at simply any time. If they could, criminal proceedings might never end." Id. The Tenth Circuit "review[s] [a] district court's denial of a motion for reconsideration for abuse of discretion." Id. at 1241.

The District of Kansas allows a party to "file a motion asking a judge or magistrate judge to reconsider an order or decision made by that judge or magistrate judge." D. Kan. Rule 7.3. "Parties seeking reconsideration of non-dispositive orders must file a motion within 14 days after the order is filed unless the court extends the time." D. Kan. Rule 7.3(b). "A motion to reconsider must be based on an intervening change in controlling law, the availability of new evidence, or the need to correct clear error or prevent manifest injustice." D. Kan. Rule 7.3(b)(1)–(3).

There is little doubt that the instant motion is untimely. The court denied defendant's motion to suppress on May 8, 2012. To be considered timely in accordance with D. Kan. Rule 7.3, defendant's motion needed to be filed on or before May 22, 2012.

Defendant's motion was filed on June 12, 2012. That is to say, defendant's motion to reconsider was filed twenty-one days after the time allowed under D. Kan. Rule 7.3 and, therefore, is untimely. Accordingly, the court shall deny the motion for that reason.

Even if the court were to consider the defendant's motion, we would deny it for several reasons. Defendant's motion to reconsider reasserts and alleges claims made in his motion to suppress evidence, which was denied by the court after a full and fair hearing. The motion to reconsider is not based on any intervening change in controlling law, nor does it bring to light any new evidence. Defendant's motion to reconsider merely objects to certain findings made by the court in its order of May 8, 2012. The defendant has suggested that the court's erroneous rulings could create manifest injustice if not corrected. The court fails to find any basis for this suggestion, but the court shall briefly discuss the arguments raised by the defendant to ensure there has been no clear error and to avoid even the slightest possibility of manifest injustice to defendant.

The court notes initially that the defendant has offered nothing in support of his contention that the court erred in determining that there was reasonable suspicion to stop his vehicle because he was not wearing a seat belt while driving. The court carefully considered the evidence on this issue and found Trooper

4

Walker's testimony credible that he was able to see into the defendant's vehicle and observe a violation of K.S.A. 8-2503. The court finds no basis to reexamine this decision.

The court next considers the defendant's argument that the court erred in concluding that his understanding of English was sufficient for a knowing and voluntary consent to search the vehicle. Once again, the court carefully considered this issue in evaluating the evidence that was presented at the suppression hearing. The court recognized that there were some "communication problems," but that the defendant understood most of the questions and made responsive answers. The court also noted that the passenger, who had a better understanding of English than the defendant, helped the defendant understand the request to search. The court found "[t]here was no indication that [the defendant] failed to understand what was being asked." Based upon the totality of the circumstances, the court determined that the defendant did voluntarily consent to the search of the vehicle. The court fails to find any evidence of clear error in its decision. See, e.g., United States v. Rodriguez, 186 Fed.Appx. 812, 817 (10th Cir. 2006) (based on totality of circumstances, consent to search upheld even though trooper had trouble communicating with defendant and failed to inform defendant she was free to leave and free to refuse consent because no evidence of physical or verbal coercion).

The defendant next argues that the court erred in finding that the defendant had no standing to object to the search of the vehicle. A review of the defendant's argument fails to suggest any basis for reconsidering the court's ruling. The defendant has failed to show that the court's decision was clearly erroneous. The court determined that the defendant had been lawfully stopped and legally detained. The court, however, concluded that the defendant had not shown standing to object to the search of the vehicle. The court carefully analyzed the issue of standing and the defendant has failed to demonstrate that any of the court's decisions, either factually or legally, were in error. See, e.g., United States v. Cardenas, 24 Fed.Appx. 890, 893 (10th Cir. 2001) (defendant did not have standing to challenge search of automobile where no evidence showed that he had permission of owner, or someone with authority to give such permission, to use automobile).

Finally, the defendant contends that the court erred factually and legally in finding probable cause existed prior to ordering removal of the vehicle from the side of the road to a garage. The defendant contends that the court improperly relied upon several factors to support a finding that Trooper Walker had reasonable suspicion to suspect legal wrongdoing. The defendant further contends that the court improperly relied upon other factors demonstrating that Trooper Walker had probable cause to believe that the vehicle had a hidden compartment where he believed that

narcotics would be found.

The court has again reviewed its findings in light of the comments made by the defendant. The court believes that the findings made by the court were accurate and that the conclusions that were drawn were appropriate. The court recognizes that some of the factors, considered in isolation, might not provide a basis for reasonable suspicion or probable cause. However, the court considered the totality of these circumstances in reaching its conclusions. The court is not persuaded that the defendant has demonstrated a sufficient basis for reconsideration.

In sum, the court finds that the instant motion for reconsideration must be denied as untimely. However, even if we were to consider the merits, the court would deny it. Defense counsel has made a valiant effort on behalf of his client, but the facts and law do not support his positions.

**MOTION TO DETERMINE VOLUNTARINESS OF DEFENDANT'S STATEMENT**

The defendant seeks a hearing to determine the voluntariness of statements he allegedly made to law enforcement officers following his arrest. The defendant suggests that the questioning was coercive and was exacerbated by his inability to understand the officers' questions sufficiently due to his inability to understand English. The government, although arguing that the statements were knowingly and voluntarily given, agrees that such a hearing is necessary.

The court concurs that a hearing must be held to determine the voluntariness of the defendant's statements. The court shall conduct this hearing on August 3, 2012 at 10:00 a.m.

**IT IS THEREFORE ORDERED** that defendant's motion to reconsider denial of defendant's motion to suppress (Doc. # 25) be hereby denied.

**IT IS FURTHER ORDERED** that defendant's motion to determine voluntariness of defendant's statements (Doc. # 23) be hereby granted. The hearing shall be held on August 3, 2012 at 10:00 a.m.

**IT IS SO ORDERED.**

Dated this 20th day of July, 2012 at Topeka, Kansas.

> s/Richard D. Rogers
> United States District Judge